*** Filed 12:43 PM, 13 Jun, 2025 U.S.D.C., Eastern District of New York ***

**Xingshun Wen**

4838 Glenwood St,

Little Neck, NY, 11362

ansen.wen@msn.com

9293335158

June 13, 2025

**Hon. Rachel P. Kovner**

United States District Court

Eastern District of New York

225 Cadman Plaza East

Brooklyn, NY 11201

**Re:** Request for Clarification on Filing Fee Deadline & Status of Email Service Motion

**Case No.:** 1:25-cv-03032-RPK-JAM

Dear Judge Kovner,

I respectfully write to request guidance regarding two matters in the above-referenced case:

**Pending Motion for Alternative Service (Email):**

I initially filed a Motion for Alternative Service via Email on May 9, 2025, in the Southern District of New York (Docket #4), which was transferred to this Court on May 30, 2025. As the Court is aware, the defendants in this case are overseas entities, and email service is the only feasible method to effectuate service under the circumstances. Given the critical importance of this motion to the viability of my case, I kindly ask the Court to confirm whether it requires additional information or time to rule on this motion.

**Filing Fee Deadline (June 17, 2025):**

The Court's June 3, 2025 Order denied my IFP application and directed payment of the $405 filing fee by June 17, 2025. However, if the alternative service motion is denied, pursuing this action would be futile, as traditional service methods are impractical. Therefore, I respectfully request:

A brief extension of the filing fee deadline (e.g., 14 days after the Court's ruling on the email service motion), or

An early ruling on the motion to clarify whether the case may proceed with email service before I incur the filing fee obligation.

I have re-filed the Email Service Motion today out of an abundance of caution, as the Court's staff suggested the original motion might have been overlooked during transfer. A copy is attached for convenience.

Thank you for your consideration. I stand ready to provide any further information the Court may require.

Respectfully submitted,

Xingshun Wen, Pro Se

Attachments:

Re-filed Motion for Alternative Service via Email

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| XINGSHUN WEN, | |
|     Plaintiff, | CASE NO.: |
| v. | MOTION FOR ALTERNATIVE SERVICE |
| TETHER OPERATIONS LIMITED, | PURSUANT TO FRCP 4(f)(3) |
|     Defendant. | RELATED AUTHORITY: |
| | SEC v. Telegram, 19-cv-9439 (SDNY) |

**I. RELIEF REQUESTED**

Plaintiff moves for an order permitting service via email due to Defendant's exclusive reliance on electronic communications.

**II. FACTUAL BACKGROUND**

1. Defendant operates a $80B+ cryptocurrency business without disclosing physical addresses (see Complaint Exhibit K).

2. Defendant designates inforequests@tether.to for official law enforcement requests (see Complaint Exhibit D), including:

  a) NYPD correspondence regarding this case;

  b) Publicly stated protocol for theft cases.

**III. GOOD CAUSE STATEMENT**

1. Traditional service is impracticable because:

  a) No physical address is identifiable through public records or the official website (see Complaint Exhibit K);

  b) Defendant's business model is entirely digital;

  c) Defendant has demonstrated actual notice through prior NYPD communications.

2. As a Pro Se litigant, Plaintiff lacks resources to:

  a) Conduct international corporate searches;

  b) Retain process servers for global investigations.

## IV. LEGAL BASIS

1. FRCP 4(f)(3) permits court-ordered alternative service.

2. This District's Electronic Case Filing Rules endorse electronic service where justified.

3. Precedent: SEC v. Telegram Group Inc., No. 19-cv-9439 (SDNY Mar. 24, 2020, Dkt. 223) approved email service for crypto entities under identical circumstances:

   - No physical address disclosed (as with Tether, see Complaint Exhibit K)

   - Business model inherently digital (similar as Tether)

   - Designated electronic contacts (here: inforequests@tether.to, see Complaint Exhibit D)

## V. PROPOSED SERVICE METHOD

Service shall be complete upon emailing Summons, Complaint, and this Order to:

1. inforequests@tether.to (primary, designated law enforcement channel)

2. support@tether.to (secondary, operational contact)

3. legal@tether.to (tertiary, general legal inquiries)

## VI. EXHIBITS

The following exhibits from the Complaint are incorporated by reference:

- Exhibit D: Defendant's law enforcement policy

- Exhibit K: Defendant's contact page (showing no address)

EXHIBITS ATTACHED HERETO AS SEPARATE PDF

WHEREFORE, Plaintiff respectfully requests this Court grant alternative service.

Dated: May-07-2025

_____

XingShun Wen, Pro Se

4838 Glenwood St,

Little Neck, NY, 11362

929-333-5158

ansen.wen@msn.com

2

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

XINGSHUN WEN,

    Plaintiff,

v.

TETHER OPERATIONS LIMITED,

    Defendants.

CASE NO.: _____

[PROPOSED] ORDER GRANTING EMAIL SERVICE

Upon review of Plaintiff's Motion for Alternative Service, it is hereby:

ORDERED that Plaintiff may serve Defendants by emailing the Summons, Complaint, and this Order to:

1. inforequests@tether.to
2. support@tether.to
3. legal@tether.to

Service shall be deemed effective upon:

- Email transmission with read receipt; OR
- 72 hours after sending if no bounce-back notification.

Defendants shall respond within 21 days of service.

SO ORDERED.

Dated: _____

_____

HON.
United States District Judge

**Subject: SERVICE OF PROCESS - Wen v. Tether Operations Limited (SDNY)**

To: inforequests@tether.to, support@tether.to, legal@tether.to

Attachments:

- Summons

- Complaint

- Court's Service Order


This constitutes formal service under SDNY authorization.

Defendants must respond within 21 days.