UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
XINGSHUN WEN,

                       Plaintiff,                      **MEMORANDUM AND ORDER**

      v.

                                                                   25-CV-3032

TETHER OPERATIONS LIMITED,                      (Kovner, J.)
                                                                    (Marutollo, M.J.)

                       Defendant.
-------------------------------------------------------------------X

**JOSEPH A. MARUTOLLO, United States Magistrate Judge:**

*Pro se* plaintiff Xingshun Wen[1] brings this action for money damages and declaratory relief against defendant Tether Operations Limited for its alleged inaction regarding a phishing scheme Plaintiff fell victim to on or about October 19, 2022. *See generally* Dkt. No. 1. On May 9, 2025, Plaintiff filed a motion seeking leave to serve Defendant by alternate means—email service—pursuant to Fed. R. Civ. P. 4(f)(3), stating that the same was justified because Defendant's physical address was incapable of being determined, its business being predominantly digital in nature. *See* Dkt. No. 4. On August 11, 2025, the Court denied Plaintiff's motion, without prejudice, providing in its Order Defendant's physical address, which was available on Defendant's website. *See* August 11, 2025 Text Order. On September 2, 2025, Plaintiff renewed his motion to serve Defendant by alternate means —this time by email and international mail—pursuant to Fed. R. Civ. P. 4(f)(3). Dkt. No. 20. For the following reasons, Plaintiff's renewed motion is DENIED, without prejudice to renewal.

---

[1] Plaintiff's name is listed as "Xingshun Wen" on his complaint and filings, *see, e.g.,* Dkt. Nos 1, 4, 20, but as "Xing shun Wen" on the docket. The Clerk of Court is respectfully directed to correct Plaintiff's name to "Xingshun Wen" on the docket.

In his renewed motion for alternative service, Plaintiff requests an order "permitting alternative service of process upon Defendant Tether Operations Limited via (1) international mail to its physical address in El Salvador, and/or (2) email to its designated electronic addresses, as it is a company that operates primarily online and has demonstrated resistance to accepting formal notice." *Id*. at 2.[2]

As the Court has previously noted, Rule 4(f) provides three methods of service of an individual in a foreign country: (1) "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents" (the "Hague Convention"); (2) "a method that is reasonably calculated to give notice," for example, "as the foreign authority directs in response to a letter rogatory"; or (3) "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(1)-(3); *see also* August 11, 2025 Text Order. Additionally, "[u]nder [Rule] 4(f)(3), a [c]ourt may fashion means of service on an individual in a foreign country, so long as the ordered means of service (1) is not prohibited by international agreement; and (2) comports with constitutional notions of due process." *Cunningham v. Gen. Motors LLC*, No. 20-CV-3097 (AKH), 2020 WL 4748157, at *1-2 (S.D.N.Y. Aug. 17, 2020) (quoting *F.T.C. v. Pecon Software Ltd.*, No. 12-CV-7186 (PAE), 2013 WL 4016272, at *3 (S.D.N.Y. Aug. 7, 2013)).

"In cases involving service on a person [or entity] residing in a country that is a signatory to the Hague Convention, courts have often imposed a requirement that litigants first attempt service by means of the Hague Convention before seeking court-ordered alternative service under section 4(f)(3)." *Zobay v. MTN Grp. Ltd.*, No. 21-CV-3503 (CBA) (VMS), 2024 WL 4664675, at

---

[2] Citations are to ECF-stamped pages, unless otherwise noted.

2

*5 (E.D.N.Y. Sept. 30, 2024) (quoting *Elsevier, Inc. v. Siew Yee Chew*, 287 F. Supp. 3d 374, 378 (S.D.N.Y. 2018); *see also Spin Master, Ltd. v. Aomore-US*, No. 23-CV-7099 (DEH), 2024 WL 3030405, at *4 (S.D.N.Y. June 17, 2024).

"The decision of whether to order service of process under Rule 4(f)(3) is committed to the sound discretion of the district court." *United States v. Lebanese Canadian Bank*, 285 F.R.D. 262, 266 (S.D.N.Y. 2012). "When exercising their discretion to grant a motion for alternative means of service under Rule 4(f)(3), 'courts in this Circuit have often found it appropriate for certain threshold conditions to be satisfied prior to the issue of an alternative-service order, so as to prevent parties from whimsically seeking alternate means of service and thereby increasing the workload of the courts.'" *Zobay*, 2024 WL 4664675, at *5 (quoting *Shanghai Zhenglang Tech. Co. v. Mengku Tech. Co.*, No. 20-CV-5209 (JS) (ARL), 2020 WL 13280555, at *1 (E.D.N.Y. Nov. 18, 2020) and citing *Baliga on behalf of Link Motion Inc. v. Link Motion Inc.*, No. 18-CV-11642 (VM) (DF), 2020 WL 5350271, at *8-9 (S.D.N.Y. Sept. 4, 2020)). Such threshold conditions require "(1) a showing that the plaintiff has reasonably attempted to effectuate service on the defendant[s], and (2) a showing that the circumstances are such that the district court's intervention is necessary." *Id.* (quoting *Mengku Tech.*, 2020 WL 13280555, at *1) (citation and quotation omitted)). "The general legal proposition is that, as always, when a party asks a court to exercise its authority, the party must make some showing that the exercise of that authority is necessary." *Id.* (quoting *Convergen Energy LLC v. Brooks*, No. 20-CV-3746 (LJL), 2020 WL 4038353, at *4 (S.D.N.Y. July 17, 2020)).

Here, upon review of the record, the Court cannot conclude that its intervention is necessary at this time. Indeed, it is not clear that Plaintiff has attempted service on Defendant at all, either in accordance with the Hague Convention or otherwise. *See* Dkt. Nos. [4], [20]. Instead,

3

it seems as though Plaintiff has merely sent emails to Defendant inquiring whether it will confirm a physical address for service of process. *See* Dkt. No. [20] at 1 ("Since the Court's [August 11, 2025 Text] Order, I have made additional attempts (on Aug. 12, Aug. 25 and Aug. 26) to contact Tether directly to confirm the best address for service."). This is after the Court found and provided Plaintiff with Defendant's "registered address" in its August 11, 2025 Text Order. *See* August 11, 2025 Text Order; *see also* Tether, "Relevant Information Document[,]" Jan. 27, 2025, https://perma.cc/3P6W-VH33 (last accessed October 24, 2025).

Plaintiff contends that Defendant is avoiding service, justifying service by alternative means. *See* Dkt. 20. at 1. But a Defendant cannot avoid service that has not been attempted. Indeed, "while there is no requirement that a party exhaust efforts to effect service pursuant to Rules 4(f)(1) or 4(f)(2)" prior to moving the Court to permit alternative service under Rule 4(f)(3), "the moving party must make some showing of the need for judicial intervention." *Convergen Energy*, 2020 WL 4038353, at *4.

Plaintiff is correct that El Salvador has not objected to Article 10 of the Hague Convention. *See* Dkt. No. 20 at 3; *see also Grp. One Ltd. v. GTE GmbH*, 523 F. Supp. 3d 323, 342 (E.D.N.Y. 2021) ("Article 10 of the Hague Convention authorizes service of process through alternative means such as 'postal channels,' if the signatory country does not object to that means of service."). This Court, however, declines at this time to grant Plaintiff's motion for alternative service under Rule 4(f)(3) for international mail and email, because Plaintiff has not met the threshold burden of attempting to serve Defendant, never mind circumstances meriting the Court's involvement. *See Zobay*, 2024 WL 4664675, at *5.

Plaintiff is advised that, "[u]nder the Hague Convention, service through a country's Central Authority is the primary method of service." *Zobay*, 2024 WL 4664675, at *5 (quoting

4

*GTE GmbH*, 523 F. Supp. 3d at 342). The Second Circuit has explained that service through a country's Central Authority entails sending process to such designated Central Authority, which then "arrange[s] to have process served on the defendants[,]" after which the Central Authority completes a certificate detailing the particulars of such service, which is then returned to the applicant. *See Zobay*, 2024 WL 4664675, at *5 (citing *W.J. Deutsch & Sons Ltd. v. Zamora*, No. 21-CV-11003 (LTS), 2023 WL 5609205, at *5 (S.D.N.Y. Aug. 30, 2023); *see also Burda Media, Inc. v. Viertel*, 417 F.3d 292, 300 (2d Cir. 2005).

Plaintiff is advised that information regarding service through El Salvador' Central Authority can be found on the website for the Hague Conference on Private International Law. *See* Hague Conference on Private International Law, "El Salvador - Central Authority & practical information[,]" August 5, 2025, https://perma.cc/47M9-BEQF (last accessed October 24, 2025). Plaintiff is further advised that, while El Salvador has not objected to Article 10 of the Hague Convention, it has objected to portions of Articles 5 and 8 thereof, the former of which mandates translation of documents into Spanish language for service through El Salvador's Central Authority. *See* Hague Conference on Private International Law, "Declaration/Reservation/Notification[,]" March 21, 2024, https://perma.cc/V53N-E2SG. (last accessed October 24, 2025).

Accordingly, Plaintiff's renewed motion for leave to serve Defendant by alternative means, pursuant to Fed. R. Civ. P. 4(f)(3), is denied, without prejudice, at this time. Plaintiff is directed to serve Defendant in accordance with the Hague Convention. The Court extends Plaintiff's time to do so until December 15, 2025. Plaintiff shall file a status report by November 19, 2025 providing an update as to such service.

Dated:      Brooklyn, New York
              October 24, 2025              **SO ORDERED.**

                                                    */s/ Joseph A. Marutollo*
                                               JOSEPH A. MARUTOLLO
                                               United States Magistrate Judge