UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------- X

XINGSHUN WEN,

    Plaintiff,

  -against-          No. 1:25-cv-03032-RPK-JAM

TETHER OPERATIONS LIMITED,

    Defendant.

------------------------------------------------------- X

**DEFENDANT TETHER OPERATIONS LIMITED'S REPLY IN FURTHER
SUPPORT OF ITS MOTION TO DISMISS**

            GIBSON, DUNN & CRUTCHER LLP

            Daniel M. Ketani
            200 Park Avenue
            New York, NY 10166
            Telephone: 212.351.4000
            Facsimile: 212.351.4035

            *Attorneys for Defendant Tether Operations
            Limited*

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT..............................................................................................1

ARGUMENT .....................................................................................................................2

I.    THE COURT LACKS SPECIFIC PERSONAL JURISDICTION OVER
TETHER. .................................................................................................................2

    A.    The Court Cannot Exercise Personal Jurisdiction Over Tether Pursuant to
CPLR Section 302(a)(3)(ii). ...................................................................... 2

    B.    The Court Cannot Exercise Specific Personal Jurisdiction Over Tether
Consistent With Due Process. ..................................................................... 4

II.    PLAINTIFF'S NEW CLAIMS ARE UNVIABLE AND AMENDMENT IS
FUTILE...................................................................................................................6

    A.    Plaintiff Concedes His Federal Statutory Claims Should Be Dismissed. .............. 6

    B.    Plaintiff Fails to Plead a New York General Business Law Section 349
Claim. ...................................................................................................... 6

    C.    Plaintiff Cannot Plausibly Plead Fraudulent Misrepresentation. ...........................7

    D.    Plaintiff Cannot Plausibly Plead Negligent Misrepresentation.............................9

    E.    Plaintiff Cannot Plausibly Plead Promissory Estoppel. ......................................9

    F.    The Court Should Not Exercise Supplemental Jurisdiction. ..............................10

CONCLUSION................................................................................................................10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AmTrust Fin. Servs., Inc. v. Lacchini*,
  260 F. Supp. 3d 316 (S.D.N.Y. 2017)...................................................................................5

*Berdeaux v. OneCoin Ltd.*,
  561 F. Supp. 3d 379 (S.D.N.Y. 2021)...................................................................................3

*Calder v. Jones*,
  465 U.S. 783 (1984) .............................................................................................................5

*Capax Discovery, Inc. v. AEP RSD Investors, LLC*,
  285 F. Supp. 3d 579 (W.D.N.Y. 2018) .................................................................................9

*City of New York v. Smokes-Spirits.Com, Inc.*,
  12 N.Y.3d 616 (2009)........................................................................................................6, 7

*Cuoco v. Moritsugu*,
  222 F.3d 99 (2d Cir. 2000)....................................................................................................6

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014) .............................................................................................................2

*Doe v. Nat'l Conf. of Bar Exam'rs*,
  2017 WL 74715 (E.D.N.Y. Jan. 6, 2017).............................................................................2

*Fantis Foods, Inc. v. Standard Importing Co.*,
  49 N.Y.2d 317 (1980)...........................................................................................................3

*Jazini v. Nissan Motor Co., Ltd.*,
  148 F.3d 181 (2d Cir. 1998)..................................................................................................2

*Kelley v. Universal Music Grp.*,
  2016 WL 5720766 (S.D.N.Y. Sept. 29, 2016) .....................................................................8

*Kernan v. Kurz-Hastings, Inc.*,
  175 F.3d 236 (2d Cir. 1999)..................................................................................................4

*Lerner v. Fleet Bank, N.A.*,
  459 F.3d 273 (2d Cir. 2006)..................................................................................................8

*Mandarin Trading Ltd. v. Wildenstein*,
  16 N.Y.3d 173 (2011)...........................................................................................................9

*MCGM, GmbH v. OPTA Grp. LLC*,
  2024 WL 3070952 (S.D.N.Y. June 18, 2024), *aff'd*, 2025 WL 262589 (2d Cir.
  Jan. 22, 2025).......................................................................................................................9

*Newman v. Fam. Mgmt. Corp.*,
  530 F. App'x 21 (2d Cir. 2013).............................................................................................8

*Penguin Grp. (USA) Inc. v. American Buddha*,
    609 F.3d 30 (2d Cir. 2010)..................................................................................................4

*Royal Canin U. S. A., Inc. v. Wullschleger*,
    604 U.S. 22 (2025) ...........................................................................................................10

*Singh v. City of New York*,
    40 N.Y.3d 138 (2023)........................................................................................................6

*Twin Beauty LLC v. NR Interactive LLC*,
    2024 WL 5108153 (E.D.N.Y. Dec. 14, 2024)....................................................................4

*Van Brunt v. Rauschenberg*,
    799 F. Supp. 1467 (S.D.N.Y. 1992) ..................................................................................9

*Walden v. Fiore*,
    571 U.S. 277 (2014) ......................................................................................................4, 5

*Ward v. New York Univ.*,
    2000 WL 1448641 (S.D.N.Y. Sept. 28, 2000) ..................................................................8

*Whitaker v. Am. Telecasting, Inc.*,
    261 F.3d 196 (2d Cir. 2001)..............................................................................................3

*WSP USA Bldgs., Inc. v. AECOM Ltd.*,
    2025 WL 2606886 (S.D.N.Y. Sept. 9, 2025) ....................................................................5

**Statutes**

18 U.S.C. § 4 ...........................................................................................................................6

N.Y. Gen. Bus. Law § 349 ....................................................................................................6, 7

**Rules**

N.Y. C.P.L.R. § 302................................................................................................................2, 3, 4

Fed. R. Civ. P. 12(b)(2) ...........................................................................................................1

Fed. R. Civ. P. 12(b)(6) ...........................................................................................................1

Fed. R. Civ. P. 9(b) ..................................................................................................................8

iv

Tether respectfully submits this reply in further support of its motion to dismiss Plaintiff's Amended Complaint pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure for lack of personal jurisdiction and failure to state a claim.

## PRELIMINARY STATEMENT

Plaintiff's Opposition confirms that this case still fails at the threshold and should be dismissed. Plaintiff now acknowledges that the federal statutory actions pled in his Amended Complaint are unviable. And he does not dispute that the Court lacks general jurisdiction over Tether and that Tether did not transact business in New York. Plaintiff proposes new theories for jurisdiction and of liability that are foreclosed by New York law. But amendment would be futile and the Amended Complaint should be dismissed with prejudice.

*First*, Plaintiff does not, and cannot, establish that the Court has personal jurisdiction over Tether. Plaintiff acknowledges that Tether did not initiate contact with anyone in New York, let alone transact business in New York. Plaintiff instead claims there is jurisdiction over Tether in New York because it was purportedly foreseeable that Tether's responses to emails would harm him in New York. New York law rejects jurisdiction based solely on purported economic harm in New York. Regardless, exercising jurisdiction on that basis would run afoul of due process, particularly here, as Tether's nonexistent New York contacts are limited to responding to emails.

*Second*, Plaintiff has not adequately pled any conceivable private right of action. Plaintiff acknowledges that all of the federal statutory claims pled in his Amended Complaint are unviable. Instead, he impermissibly invents new state law claims in his Opposition. These claims fail too and the Court should not permit Plaintiff to amend to assert them.

Despite the liberal construction afforded to *pro se* pleadings, the Amended Complaint should be dismissed with prejudice for failure to state a claim.

1

## ARGUMENT

### I.    THE COURT LACKS SPECIFIC PERSONAL JURISDICTION OVER TETHER.

Plaintiff's Opposition ("Opp.") does not dispute the Court lacks general personal jurisdiction over Tether.  Plaintiff himself acknowledges "Tether is not US based."  Am. Compl. Ex. G.[1]  The Amended Complaint does not allege Tether is "doing business" or "at home" in New York.  General personal jurisdiction is therefore foreclosed.  *See Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014); *Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 184 (2d Cir. 1998).

Instead, Plaintiff claims the Court has specific jurisdiction over Tether under New York's long-arm statute.  But Plaintiff does not and cannot claim Tether transacted business in New York. *See* Mot. at 9–10.  Instead, Plaintiff claims that Tether is subject to specific personal jurisdiction solely under CPLR Section 302(a)(3)(ii) because Tether purportedly "commit[ted] a tortious act without the state causing injury to person or property within the state."  Tether did no such thing. But moreover, New York law—and due process—foreclose such a theory of jurisdiction premised on allegedly foreseeable economic harm, rather than physical injury, in New York.

### A.  The Court Cannot Exercise Personal Jurisdiction Over Tether Pursuant to CPLR Section 302(a)(3)(ii).

The Amended Complaint fails to plead any basis for specific personal jurisdiction over Tether.  Plaintiff does not dispute that Tether did not transact business in New York—and therefore CPLR Section 302(a)(1) does not apply here.  *See Doe v. Nat'l Conf. of Bar Exam'rs*, 2017 WL 74715, at *9 (E.D.N.Y. Jan. 6, 2017) (finding even "episodic and responsive contacts with New York . . . insufficient to establish that Defendants 'transact business' in New York").  Plaintiff's allegations are predicated on Tether's decision *not* to engage in any transaction in New York.

---

[1] All capitalized terms used in this Reply have the same meanings as set forth in Defendant's Memorandum of Law in Support of its Motion to Dismiss ("Mot.").

Instead, Plaintiff argues that CPLR Section 302(a)(3) applies.  CPLR Section 302(a)(3)(ii) permits jurisdiction over a defendant that "commits a tortious act without the state causing injury to person or property within the state" if the defendant "expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce."  Plaintiff argues this section applies because Tether knew he was a New York resident and that he incurred financial injury in New York.  Opp. at 4.

None of those facts establish jurisdiction under Section 302(a)(3).  Under settled New York law, neither Plaintiff's residence nor his alleged financial loss in New York is sufficient to establish injury within the state.  *See Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 209 (2d Cir. 2001) (citation modified) ("The occurrence of financial consequences in New York due to the fortuitous location of plaintiffs in New York is not a sufficient basis for jurisdiction under § 302(a)(3)[.]").  The situs of injury is "where the original critical events associated with the action or dispute took place, not where any financial loss or damages occurred."  *Berdeaux v. OneCoin Ltd.*, 561 F. Supp. 3d 379, 405 (S.D.N.Y. 2021) (cleaned up).  The gravamen of Plaintiff's complaint is that Tether— "a Salvadoran Company," Am. Compl. at 5—misstated its ability to recover tokens in an email to the NYPD and on its website.  *See id.*, Statement of Facts ¶ 6, Exs. G, I.  But Plaintiff does not and cannot allege that the relevant events took place in New York—because they did not.

In any event, Tether could not have reasonably expected its alleged acts to have consequences in New York.  Plaintiff argues foreseeability based on Tether's responses to e-mails identifying a New York victim.  Opp. at 4.  But mere knowledge of a plaintiff's residence is insufficient.  *See Fantis Foods, Inc. v. Standard Importing Co.*, 49 N.Y.2d 317, 326 (1980) (jurisdiction "must be based upon a more direct injury within the State and a closer expectation of consequences within the State than the indirect financial loss resulting from the fact that the injured

3

person resides or is domiciled there"). Plaintiff cites *Kernan v. Kurz-Hastings, Inc.*, 175 F.3d 236 (2d Cir. 1999), in which the Second Circuit affirmed jurisdiction over a Japanese company, based on its an attempt to serve the New York market; it allegedly sold defective machines in New York through a distributor. *Id.* at 242. That case is readily distinguishable. Tether does not serve the New York market; it prohibits Plaintiff and other U.S. residents from becoming customers.[2]

Plaintiff's attempt to distinguish *Twin Beauty LLC* by noting that both parties were businesses in that case makes no sense. *See* Opp. at 3. The relevant inquiry is the defendant's contacts with New York; whether the plaintiff is a business is irrelevant. In *Twin Beauty LLC*, this Court declined to exercise jurisdiction under CPLR Section 302(a)(3), in part because the defendant had no New York business activity and New York was not the situs of injury. *Twin Beauty LLC v. NR Interactive LLC*, 2024 WL 5108153, at *6–8 (E.D.N.Y. Dec. 14, 2024) (Kovner, J.).[3] The same result should follow here.

### B. The Court Cannot Exercise Specific Personal Jurisdiction Over Tether Consistent With Due Process.

Even if New York's long-arm statute permitted the Court to exercise jurisdiction (it does not), due process prohibits it. *See Walden v. Fiore*, 571 U.S. 277, 284 (2014) ("For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State."). Tether is a Salvadoran entity with no operations in New York. Dkt. 42-4, Hilliard Decl. ¶¶ 3–6. Tether's Terms expressly prohibit U.S. residents from becoming customers. Terms at § 3.3; *see* Dkt. 42-5, Hilliard Decl., Ex. A at 13.

Plaintiff has not adequately alleged that Tether has such minimum contacts with New York

---

[2] Plaintiff also cites *Penguin Grp. (USA) Inc. v. American Buddha*, 609 F.3d 30 (2d Cir. 2010), which addressed the situs of injury in copyright infringement cases and is not relevant here.

[3] Plaintiff also inaccurately claims that *Twin Beauty LLC* "does not address § 302(a)(3) and does not apply to this analysis." Opp. at 3. In fact, this Court squarely addressed § 302(a)(3) and held that it did not provide a basis for personal jurisdiction over defendants. 2024 WL 5108153, at *6–8.

sufficient to permit personal jurisdiction.  Plaintiff posits that Tether's e-mail responses constitute targeted conduct aimed at New York, citing *Calder v. Jones*, 465 U.S. 783 (1984).  Opp. at 4.  In *Calder*, the defendants wrote an allegedly libelous magazine article about the plaintiff's California activities and circulated it widely to California readers.  465 U.S. at 789.  Here, Plaintiff alleges only that Tether responded to email inquiries that happened to come from New York—not that Tether directed any activity toward the state.

Instead, this case is controlled by *Walden v. Fiore*, where the Supreme Court held that out-of-state conduct does not create sufficient contacts "simply because [the defendant] allegedly directed his conduct at plaintiffs whom he knew had" forum connections.  571 U.S. at 289.  Reasoning otherwise "improperly attributes a plaintiff's forum connections to the defendant and makes those connections 'decisive' in the jurisdictional analysis."  *Id.*  Applying *Walden*, courts consistently hold that merely sending an email to a New York resident does not constitute purposeful contacts directed at New York.  *See, e.g.*, *AmTrust Fin. Servs., Inc. v. Lacchini*, 260 F. Supp. 3d 316, 333 (S.D.N.Y. 2017) (holding that allegations that defendant "sen[t] a small number of emails . . . to a person in the United States" could not "fill the void" of a lack of allegations linking the defendant to the forum); *WSP USA Bldgs., Inc. v. AECOM Ltd.*, 2025 WL 2606886, at *4 (S.D.N.Y. Sept. 9, 2025) (finding "thousands of emails" sent by defendant to plaintiff in New York insufficient to establish minimum contacts).  Due process does not permit the exercise of jurisdiction over Tether for simply being responsive to communications from the United States.

\*     \*     \*

Plaintiff's sole theory of personal jurisdiction under New York's long-arm statute has been soundly rejected by New York courts.  And even if somehow New York law would permit the Court to exercise jurisdiction, due process would not.  The Amended Complaint should be

5

dismissed with prejudice for failure to plead personal jurisdiction over Tether.

## II.    PLAINTIFF'S NEW CLAIMS ARE UNVIABLE AND AMENDMENT IS FUTILE.

Plaintiff admits that the federal statutory claims he originally pled in his Amended Complaint are unviable. Instead, he invents new state common law claims in Opposition and asks for permission to assert them: fraudulent misrepresentation, negligent misrepresentation, and promissory estoppel based on the "same documented facts." Opp. at 2. These claims likewise fail. And because these are insurmountable substantive defects, amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (denying *pro se* plaintiff leave to replead where "better pleading will not cure" substantive defects). The Amended Complaint should be dismissed without leave to amend and with prejudice.

### A.    Plaintiff Concedes His Federal Statutory Claims Should Be Dismissed.

Plaintiff "acknowledges that 18 U.S.C. § 4, the FTC Act, and the CEA do not provide private rights of action and does not oppose dismissal of those specific statutory claims." Opp. at 7. Plaintiff's federal statutory claims should be dismissed. Mot. at 11–15.

### B.    Plaintiff Fails to Plead a New York General Business Law Section 349 Claim.

To state a valid New York General Business Law Section 349(a) claim, a plaintiff must allege "(1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result[.]" *City of New York v. Smokes-Spirits.Com, Inc.*, 12 N.Y.3d 616, 621 (2009). Plaintiff fails to plead any element of Section 349(a).

None of Tether's acts, as alleged by Plaintiff, qualify as "consumer-oriented conduct" under the statute. Plaintiff argues that this element is satisfied by Tether's communications with the NYPD. Opp. at 5. However, a foreign company's response to a law enforcement inquiry is plainly not an act "directed to consumers." *See Singh v. City of New York*, 40 N.Y.3d 138, 148 (2023) (where defendant was not acting as a purveyor of a consumer good, its conduct was not

6

directed to consumers).   Nor do Tether's discretionary Token Recovery services constitute consumer-oriented conduct under the statute.   Plaintiff mischaracterizes Tether's services as being "advertised on [Tether's] website to a worldwide public including New York consumers."   Opp. at 5.   In reality, as illustrated in Plaintiff's exhibit, Tether's website simply allows individuals to contact Tether Support to make token recovery "requests."   *See* Am. Compl., Ex. I.   Tether does not promise token recoveries at all, and certainly not to New York consumers; again, Tether's Terms expressly prohibit any U.S. residents from becoming customers or using Tether's services, which forecloses Plaintiff's theory.   Terms at § 3.3; *see* Dkt. 42-5, Hilliard Decl., Ex. A at 13.

Plaintiff also fails to plead any materially misleading or deceptive act by Tether.   *City of New York*, 12 N.Y.3d at 623.   In fact, Plaintiff concedes that Tether's statement was accurate: "Moving USDT from one address to another does require the private key of the sending address," and "Tether accurately stated it cannot do this for wallets it does not control."   Opp. at 6.   Tether's response was also part of its standard template for law enforcement requests, which clearly advises recipients that "Tether can only assist law enforcement and victims of theft within our policies, procedures, and technical capabilities."   *See* Am. Compl., Ex. D.

Nor can Plaintiff allege injury caused by any act of Tether.   *City of New York*, 12 N.Y.3d at 623.   Plaintiff's loss of his cryptocurrency occurred before any communication with Tether.   Opp. at 2.   Tether's subsequent responses could not have caused his pre-existing loss.   *See City of New York*, 12 N.Y.3d at 623 ("[A]llegations of indirect or derivative injuries will not suffice[.]").

Plaintiff's Section 349(a) claim, if pled at all, should be dismissed.

### C.    Plaintiff Cannot Plausibly Plead Fraudulent Misrepresentation.

Fraudulent misrepresentation requires that "(1) the defendant made a material false representation, (2) the defendant intended to defraud the plaintiff thereby, (3) the plaintiff reasonably relied upon the representation, and (4) the plaintiff suffered damage as a result of such

7

reliance." *Newman v. Fam. Mgmt. Corp.*, 530 F. App'x 21, 24 (2d Cir. 2013) (cleaned up). Plaintiff's proposed fraudulent misrepresentation claim does not satisfy any of these elements.

First, Tether made no false representation. Plaintiff alleges that Tether stated it lacked "the technical ability to transfer funds between deposit addresses unless we control the private keys." Opp. at 2; Am. Compl., Ex. D. Plaintiff concedes this is an accurate statement: "Tether accurately stated it cannot do this for wallets it does not control." Opp. at 6.

Second, Plaintiff cannot plead that Tether intended to defraud him. Rule 9(b) requires Plaintiff to "allege facts that give rise to a strong inference of fraudulent intent." *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290 (2d Cir. 2006) (quotation marks omitted). Plaintiff offers no such facts; rather, the Amended Complaint shows only that Tether responded to a law enforcement inquiry with an accurate description of its technical capabilities and the limits of its recovery services. *See* Am. Compl., Ex. D. Plaintiff's argument that Tether "conflated two entirely different technical operations to avoid assisting law enforcement," Opp. at 2, is rank speculation and still does not support an inference that Tether knowingly made any *false* statements. *See Ward v. New York Univ.*, 2000 WL 1448641, at *6 (S.D.N.Y. Sept. 28, 2000) ("Although Rule 9(b) relaxes the specificity requirement for scienter, this must not be mistaken for license to base claims of fraud on speculation and conclusory allegations.") (citation omitted).

Third, Plaintiff cannot plead reliance. New York law requires the plaintiff himself to justifiably rely on the defendant's alleged misrepresentation to his detriment. *See Kelley v. Universal Music Grp.*, 2016 WL 5720766, at *9 n.20 (S.D.N.Y. Sept. 29, 2016) (fraudulent misrepresentation claim not viable where complaint lacked allegations that "plaintiffs were misled by [the alleged] misrepresentation"). Plaintiff does not plead that he relied on anything Tether said. Plaintiff's correspondence with Tether occurred after Plaintiff's cryptocurrency was stolen,

and he took no action in reliance on anything Tether said.  *See* Opp. at 2.

Plaintiff's request to amend to plead fraudulent misrepresentation is meritless and futile.

### D.    Plaintiff Cannot Plausibly Plead Negligent Misrepresentation.

Negligent misrepresentation requires "(1) the existence of a special or privity-like relationship imposing a duty on the defendant to impart correct information to the plaintiff; (2) that the information was incorrect; and (3) reasonable reliance on the information." *Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173, 180 (2011) (quotation marks omitted).  A special relationship exists only in limited circumstances, not in "an ordinary arm's length business transaction." *Capax Discovery, Inc. v. AEP RSD Investors, LLC*, 285 F. Supp. 3d 579, 592 (W.D.N.Y. 2018) (quotation marks omitted).  Tether owed no special duty to Plaintiff.  There was no business transaction between Plaintiff and Tether and Plaintiff was not and could not be a Tether customer.  Moreover, Plaintiff does not plausibly allege Tether provided any incorrect information or that Plaintiff relied on it to his detriment.

Plaintiff's request to amend to plead negligent misrepresentation is meritless and futile.

### E.    Plaintiff Cannot Plausibly Plead Promissory Estoppel.

Promissory estoppel requires "a) a clear and unambiguous promise; b) reasonable and foreseeable reliance by the party to whom the promise is made; and c) an injury sustained by the party asserting the estoppel by reason of his reliance." *Van Brunt v. Rauschenberg*, 799 F. Supp. 1467, 1473 (S.D.N.Y. 1992).

Here, Tether made no clear and unambiguous promise.  Plaintiff argues in conclusory fashion that "Tether's public Token Recovery program constitutes a clear promise of recovery assistance for theft victims." Opp. at 6.  But Plaintiff "does not identify a promise by [Tether]" to Plaintiff with respect to token recovery. *MCGM, GmbH v. OPTA Grp. LLC*, 2024 WL 3070952, at *4 (S.D.N.Y. June 18, 2024), *aff'd,* 2025 WL 262589 (2d Cir. Jan. 22, 2025).  Nor could he, as

Tether's token recovery services are discretionary and not available to U.S. residents like Plaintiff. Terms at § 3.3; *see* Dkt. 42-5, Hilliard Decl., Ex. A at 13. As with his other proposed claims, Plaintiff does not plausibly allege he relied on Tether's website to his detriment.

Plaintiff's request to amend to plead promissory estoppel is meritless and futile.

### F. The Court Should Not Exercise Supplemental Jurisdiction.

Plaintiff concedes his federal statutory claims should be dismissed. Opp. at 7. Without a viable federal claim, the Court should not exercise supplemental jurisdiction over Plaintiff's remaining state law claims.[4] *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 34 (2025) ("Once the plaintiff has ditched all claims involving federal questions, the leftover state claims are supplemental to nothing[.]"). The Court should therefore dismiss all remaining claims.

### <u>CONCLUSION</u>

Plaintiff fails to establish personal jurisdiction or state a viable claim. He cannot cure those defects through amendment. The Court should dismiss the Amended Complaint with prejudice.

Dated: April 20, 2026
      New York, New York

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Daniel M. Ketani*

Daniel M. Ketani
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035
dketani@gibsondunn.com

*Attorneys for Defendant Tether Operations Limited*

---

[4] Plaintiff has not invoked diversity jurisdiction under 28 U.S.C. § 1332. Am. Compl. at 2.

## WORD COUNT CERTIFICATION

I, Daniel M. Ketani, an attorney duly admitted to practice law before this Court, hereby certify pursuant to this Court's Local Civil Rule 7.1 that this memorandum of law complies with the word limit set forth in this Court's Local Civil Rule 7.1 because it contains 3,135 words, excluding the parts of the motion exempted from the word limit by Local Civil Rule 7.1. In preparing this certification, I have relied on the word count of the word-processing system used to prepare this memorandum of law.

Dated: April 20, 2026
       New York, New York
                                                                            */s/ Daniel M. Ketani*
                                                                            Daniel M. Ketani